W. PAUL SCHUCK (Cal. Bar No. 203717)
*pschuck@twtlaw.com*
**THOMAS WHITELAW LLP**
Three Embarcadero Center, Suite 1350
San Francisco, California 94111-4037
Telephone: (415) 820-0400
Facsimile: (415) 820-0405

VICTOR G. HARDY (applying for admission *pro hac vice*)
*vhardy@dpelaw.com*
CHESTER J. SHIU (applying for admission *pro hac vice*)
*cshiu@dpelaw.com*
**DINOVO PRICE ELLWANGER & HARDY LLP**
7000 North Mopac Expressway, Suite 350
Austin, Texas 78731
Telephone: (512) 681-4060
Facsimile: (512) 682-3410

Attorneys for Plaintiff
SOFTWARE RIGHTS ARCHIVE, LLC

FILED
JUL 27 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOFTWARE RIGHTS ARCHIVE, LLC, | CASE NO. CV 12 3970 LB |
| Plaintiff, | **COMPLAINT** |
| vs. | **DEMAND FOR JURY TRIAL** |
| FACEBOOK, INC., | |
| Defendant. | |

For its Complaint, Software Rights Archive, LLC ("SRA") alleges as follows:

## I. THE PARTIES

1. Plaintiff Software Rights Archive, LLC is a limited liability company organized and existing under the laws of Delaware.

2. Upon information and belief, Defendant Facebook, Inc. ("Facebook" or "Defendant") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 1601 Willow Road, Menlo Park, CA 94025. Facebook can be served with process by serving its registered agent for service of process in the State of California, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service, 2710 Gateway Oaks Dr., Suite 150n, Sacramento, CA 95833.

## II. JURISDICTION

3. This action arises under the United States Patent Act, codified at 35 U.S.C. § 1 *et seq*. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Facebook, Inc. because, upon information and belief, Facebook resides in this District, has transacted business in this District, has committed acts of infringement in this District and continues to commit acts of infringement in this District.

## III. VENUE

5. Venue is proper in the Northern District of California pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b), because Defendant resides in this District, has committed acts of direct and indirect infringement in this District, has transacted business in this District, and has established minimum contacts with this District.

## IV. INTRADISTRICT ASSIGNMENT

6. This is an intellectual property action and, therefore, under Civil Local Rules 3-5(b) and 3-2(c), may be assigned to any division in this District.

## V. DEFENDANT'S INFRINGING ACTS

7. Facebook is a social networking service and website located on the World Wide Web at the URL www.facebook.com (and other related URLs). In addition, Facebook also provides applications and other software for mobile and other electronic devices. Users must

register before using the site, after which they may create a personal profile, add other users as friends, and exchange messages, including automatic notifications when they update their profile. Additionally, users may join common-interest user groups, organized by workplace, school or college, or other characteristics, and categorize their friends into lists such as "People From Work" or "Close Friends." Facebook provides many features for searching, serving, locating, recommending, analyzing, and displaying content and other information (including but not limited to profiles, advertisements, software, products, media, apps, posts etc.) that analyze or use indirect relationships.

8. In addition to the above features, Facebook's systems and functionality include the following:

(a) Processes for searching on or by Facebook, including but not limited to: "People," "Pages," "Places," "Groups," "Apps," "Events," "Music," "Posts by Friends," "Public Posts," and "Posts in Groups," each of which Facebook may have designated previously using different feature names. Facebook publically refers to these processes as "Searching for people and their content," see https://www.facebook.com/help/facebooksearch/basics;

(b) Processes for searching for, recommending and otherwise locating and displaying content and other information within the Facebook community, including but not limited to: "People You May Know;" "mutual friends," "Find friends from different parts of your life," "Friends of Connections," "Beacon," "News Feed" "Timeline," each of which Facebook may have designated previously using different feature names;

(c) Link analysis used and developed by Facebook to search for and prioritize the display of content within the Facebook community, including but not limited to the algorithms "Graph Rank," "EdgeRank" and "Friends of Connections". Refer to https://www.facebook.com/help/?page= 132070650202524 and https://www.facebook.com/help/?page= 203882222982239, respectively; and

(d)     Supporting infrastructure may include, but is not necessarily limited to, Open Graph, Hadoop, Scribe and Hbase.

(collectively, Section V is hereinafter "Infringing Methods and Systems").

## VI.     THE PATENTS

9.     On August 6, 1996, United States Patent No. 5,544,352 (the '352 Patent), entitled "Method and Apparatus for Indexing, Searching and Displaying Data" was duly and lawfully issued by the United States Patent and Trademark Office, naming Daniel Egger as sole inventor and Libertech, Inc. as assignee. A true and correct copy of the '352 Patent is attached as **Exhibit A**. The '352 Patent was subject to *ex parte* reexamination by the United States Patent Office, and an *Ex Parte* Reexamination Certificate was issued for the '352 Patent on September 20, 2011, a true and correct copy of which is attached as **Exhibit B**. SRA is the assignee of all right, title and interest in and to the '352 Patent, and holds the right to sue and recover for past, present, and future infringement thereof.

10.    On November 3, 1998, United States Patent No. 5,832,494 (the "'494 Patent"), entitled "Method and Apparatus for Indexing, Searching and Displaying Data" was duly and lawfully issued by the United States Patent and Trademark Office naming Daniel Egger, Shawn Cannon, and Ronald D. Sauers as inventors, and Libertech, Inc. as assignee. A true and correct copy of the '494 Patent is attached as **Exhibit C**. The '494 Patent was subject to *ex parte* reexamination by the United States Patent Office, and an *Ex Parte* Reexamination Certificate was issued for the '494 Patent on September 27, 2011, a true and correct copy of which is attached as **Exhibit D**. SRA is the assignee of the '494 Patent and holds the right to sue and recover for past, present, and future infringement thereof.

11.    On May 15, 2001, United States Patent No. 6,233,571 (the "'571 Patent"), entitled "Method and Apparatus for Indexing, Searching and Displaying Data" was duly and lawfully issued by the United States Patent and Trademark Office to Daniel Egger. A true and correct copy of the '571 Patent is attached hereto as **Exhibit E**. The '571 Patent was subject to *ex parte* reexamination by the United States Patent Office, and an *Ex Parte* Reexamination Certificate was issued for the '571 Patent on October 4, 2011, a true and correct copy of which is attached as

**Exhibit F.** SRA is the assignee of the '571 Patent and holds the right to sue and recover for past, present, and future infringement thereof.

## VII. PATENT INFRINGEMENT

### A. COUNT I – INFRINGEMENT OF THE '352 PATENT

12. Defendant has infringed and continues to infringe, without the permission of SRA, the '352 Patent because it makes uses, offers for sale, and sells Infringing Methods and Systems and related services covered by the claims of the '352 Patent.

13. Moreover, at least since the filing of this Complaint, Defendant, without the permission of SRA, has been and is presently indirectly infringing the '352 Patent through the provision of the Infringing Methods and Systems, including actively inducing infringement of the '352 Patent under 35 U.S.C. § 271(b) and contributing to infringement of the '352 Patent under 35 U.S.C. § 271(c). Such indirect infringements include, without limitation, with specific intent to encourage the infringement, knowingly inducing customers—including but not limited to users of www.facebook.com—to use, or knowingly contributing to customers' infringing uses of, without any substantial noninfringing use, infringing articles and methods that Defendant knew infringed or demonstrated willful blindness with respect to infringement of one or more claims of the '352 Patent.

14. Acts of infringement by Defendant has caused damage to SRA. SRA is entitled to recover from Defendant the damages sustained by SRA as a result of Defendant's wrongful acts in an amount subject to proof at trial, but not less than a reasonable royalty. Defendant's infringement of SRA's rights under the '352 Patent will continue to damage SRA, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

### B. COUNT II – INFRINGEMENT OF THE '494 PATENT

15. Defendant has infringed and continues to infringe, without the permission of SRA, the '494 Patent because it makes uses, offers for sale, and sells Infringing Methods and Systems and related services covered by the claims of the '494 Patent.

16. Moreover, at least since the filing of this Complaint, Defendant, without the permission of SRA, has been and is presently indirectly infringing the '494 Patent through the

1  provision of the Infringing Methods and Systems, including actively inducing infringement of the
2  '494 Patent under 35 U.S.C. § 271(b) and contributing to infringement of the '494 Patent under 35
3  U.S.C. § 271(c). Such indirect infringements include, without limitation, with specific intent to
4  encourage the infringement, knowingly inducing customers—including but not limited to users of
5  www.facebook.com—to use, or knowingly contributing to customers' infringing uses of, without
6  any substantial noninfringing use, infringing articles and methods that Defendant knew infringed
7  or demonstrated willful blindness with respect to infringement of one or more claims of the '494
8  Patent.

9  17.  Acts of infringement by Defendant has caused damage to SRA. SRA is entitled to
10 recover from Defendant the damages sustained by SRA as a result of Defendant's wrongful acts in
11 an amount subject to proof at trial, but not less than a reasonable royalty. Defendant's
12 infringement of SRA's rights under the '494 Patent will continue to damage SRA, causing
13 irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

14 **C.  COUNT III – INFRINGEMENT OF THE '571 PATENT**

15 18.  Defendant has infringed and continues to infringe, without the permission of SRA,
16 the '571 Patent because it makes uses, offers for sale, and sells Infringing Methods and Systems
17 and related services covered by the claims of the '571 Patent.

18 19.  Moreover, at least since the filing of this Complaint, Defendant, without the
19 permission of SRA, has been and is presently indirectly infringing the '571 Patent through the
20 provision of the Infringing Methods and Systems, including actively inducing infringement of the
21 '352 Patent under 35 U.S.C. § 271(b) and contributing to infringement of the '571 Patent under 35
22 U.S.C. § 271(c). Such indirect infringements include, without limitation, with specific intent to
23 encourage the infringement, knowingly inducing customers—including but not limited to users of
24 www.facebook.com—to use, or knowingly contributing to customers' infringing uses of, without
25 any substantial noninfringing use, infringing articles and methods that Defendant knew infringed
26 or demonstrated willful blindness with respect to infringement of one or more claims of the '571
27 Patent.

28

20. Defendant's acts of infringement have caused damage to SRA. SRA is entitled to recover from Defendant the damages sustained by SRA as a result of Defendant's wrongful acts in an amount subject to proof at trial, but in no event less than a reasonable royalty. Defendant's infringement of SRA's rights under the '571 Patent will continue to damage SRA, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## VIII. PRAYER FOR RELIEF

WHEREFORE, SRA prays for relief against Defendant as follows:

a. Judgment that Defendant has infringed, induced others to infringe, and/or committed acts of contributory infringement with respect to the claims of the '352, '494 and '571 Patents;

b. A permanent injunction enjoining the Defendant, its respective officers, agents, servants, employees, and those acting in privity with them, from further infringement, contributory infringement and/or inducing infringement of the '352, '494 and '571 Patents;

c. Awarding SRA damages adequate to compensate for the infringement by Defendant, but in no event less than a reasonable royalty for the use made of the inventions by Defendant, together with interests and costs under 35 U.S.C. § 284;

d. Awarding pre- and post-judgment interest on the damages assessed;

e. Declaring this case exceptional pursuant to 35 U.S.C. § 285, and awarding SRA its reasonable attorney fees;

f. SRA's costs of court; and

g. Awarding to SRA such other and further relief as the Court deems just.

///
///
///
///
///
///
///
///

## IX. JURY TRIAL DEMANDED

SRA demands a trial by jury.

DATED: July 27, 2012                    THOMAS WHITELAW LLP

By: _W. Paul Schuck_
W. PAUL SCHUCK
Attorneys for Plaintiff
SOFTWARE RIGHTS ARCHIVE, LLC

143978

8
COMPLAINT