[Counsel for All Parties Listed on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SOFTWARE RIGHTS ARCHIVE, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>FACEBOOK, INC.,<br><br>  Defendant. | Case No.  5:12-03970 RMW<br><br>**DISCOVERY DISPUTE JOINT REPORT # 1** |
| SOFTWARE RIGHTS ARCHIVE, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>LINKEDIN CORPORATION,<br><br>  Defendant. | Case No.  5:12-03971 RMW |
| SOFTWARE RIGHTS ARCHIVE, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>TWITTER, INC.,<br><br>  Defendant. | Case No.  5:12-03972 RMW |

Defendants Facebook, Inc. ("Facebook"), LinkedIn Corporation ("LinkedIn"), and Twitter, Inc. ("Twitter") (collectively "Defendants") respectfully submit this Discovery Dispute Report seeking an order requiring that plaintiff Software Rights Archive, LLC ("SRA") reduce the total number of claims asserted in this action from 74 claims to 30 claims total.

Prior to the filing of this Joint Report, the parties met and conferred in good faith in an attempt to resolve the dispute set forth herein. The parties exchanged written correspondence discussing their positions and, on February 4, 2013, participated in a telephonic meet and confer in which all lead counsel were present. That discussion lasted approximately 20 minutes, but the parties were unable to reach agreement.

Lead counsel for each of the above-captioned cases hereby certifies that it has complied with Judge Lloyd's Standing Order re Discovery Disputes as made applicable to this action pursuant to the Court's orders of January 25 and 28, 2013. (Dkt. Nos. 37, 38, 39.)

There is no date for close of discovery set in this case at this time. Defendants' Invalidity Contentions under Patent Local Rule 3-3 are due on March 29, 2013.

## Defendants' Position

SRA has served Infringement Contentions asserting 74 patent claims from the three patents-in-suit against the defendants in the above-captioned cases — 70 claims against Facebook,[1] 52 claims against LinkedIn, and 51 claims against Twitter. Defendants respectfully request the Court enter an order requiring SRA to reduce the number of asserted claims to a more manageable number: 30 claims total. Requiring SRA to select a reasonable number of asserted claims at this time will ensure that defendants and the Court can focus their efforts, including invalidity assessments, claim construction and discovery on the relevant claims and not the numerous other claims that are not the focus of this litigation.

As the Federal Circuit has observed, "[e]ach claim takes up the time of the legal system and the opposing side. A single claim ... may occasion the expenditure of hundreds or thousands of hours, as opposing counsel try to verify or refute the allegations and theories." *Antonious v. Spalding & Evenflo Companies, Inc.*, 275 F.3d 1066, 1075 (Fed. Cir. 2002) (quoting *Frantz v.*

---

[1] This total includes claim 5 of the '571 patent. In Exhibit C to SRA's Infringement Contentions, a chart for "claim 4" of this patent appears twice. The second instance of "claim 4" in these charts includes the claim language of claim 5. This total also includes claim 28 of the '494 patent, which was listed as an asserted claim in SRA's cover pleading against Facebook but was not charted by SRA. Finally, these totals also include two claims against Facebook and one claim against LinkedIn that are dependent on claims cancelled during reexam and were not rewritten as independent claims.

*U.S. Powerlifting Fed'n*, 836 F.2d 1063, 1067 (7th Cir. 1987)). "The overriding principle of the Patent Local Rules is that they are designed [to] make the parties more efficient, to streamline the litigation process, and to articulate with specificity the claims and theory of a plaintiff's infringement claims." *Bender v. Maxim Integrated Prods., Inc.*, No. C 09-01152 SI, 2010 WL 1135762, at *2 (N.D. Cal. Mar. 22, 2010) (alteration in original) (internal citation omitted). To effectuate these principles, the Federal Circuit has held that district courts may limit the number of asserted claims, even at the outset of a case. *See In re Katz Call Processing Litigation*, 639 F.3d 1303 (Fed. Cir. 2011).

SRA's actions are contrary to its representations at the initial case management conference held on December 14, 2012, during which SRA represented to the Court that it would only be asserting around 40 claims in this action, not the 74 it is now asserting.[2] Regardless of its claimed reasoning for departing from this representation, SRA's actions will lead to many hours of wasted effort by the Defendants and the Court. Each additional asserted claim adds more terms that may require construction by the Court, making it far more difficult for the parties to focus claim construction disputes to a limited number of disputed terms as required by Patent Rule 4-1(b). While SRA asserts that Defendants have the benefit of previous invalidity contentions for some of the claims asserted in this action, SRA ignores the fact that many of the asserted claims have emerged from reexamination either amended or with altered scope due to statements made by SRA during reexamination.[3]

The Court will promote judicial economy and efficiency and streamline this case by requiring SRA to reduce the number of asserted claims in advance of the March 29, 2013 deadline for service of Invalidity Contentions. It is not too early for SRA to select a manageable

---

[2] All four attorneys who were present on behalf of Defendants recall this representation by counsel for Plaintiff at the case management conference. None of these attorneys were at any other case management conferences with counsel for Plaintiff.

[3] Despite SRA's repeated attempts to argue otherwise, this action is not the previous action against Google, et al. For example, it does not appear that the defendants in the previous action brought a motion to limit claims – this decision by previous, unrelated defendants should hardly prejudice the defendants in this litigation.

number of asserted claims, particularly due to its self-proclaimed expertise with the patents-in-suit from the prior litigations. Defendants' proposal that SRA limit itself to 30 asserted claims at this time strikes a balance between the benefits of focusing this litigation while giving SRA a sufficient number and diversity of claims to pursue. Defendants anticipate that SRA will have to substantially narrow its asserted claims even further, prior to claim construction[4] and trial, but Defendants are not seeking such an order at this time. Requiring SRA to reduce the total number of claims at this time to a maximum of 30 – to be followed by further narrowing later – is efficient and fair. Thirty claims is still, after all, a large number of claims.

SRA's assertion that requiring it to select 30 asserted claims would violate its Due Process rights is without merit. A court may permissibly require a party to narrow its asserted claims at an early stage of the litigation so long as the patent owner can seek leave to add additional claims upon a showing that the additional claims present unique issues. *See Katz*, 639 F.3d at 1312. Asking SRA to limit the number of asserted claims at this time presents no Due Process issues.SRA also requests that Defendants limit the number of prior art references they include in their Invalidity Contentions. This issue is not ripe because Defendants have not served their Invalidity Contentions. To the extent Defendants' Invalidity Contentions become an issue of dispute, the time to deal with such a dispute is after those contentions are served.[5]

For the foregoing reasons, Defendants respectfully request the Court require SRA to

---

[4] *See*, *e.g.*, *Stamps.com, Inc. v. Endicia, Inc.*, No. 2012-1328, 2011 U.S. App. LEXIS 12120, at *2 (June 15, 2011) (affirming reduction of asserted claims from 629 claims in 11 patents to 15 claims, prior to *Markman*); *Hearing Components, Inc. v. Shure, Inc.*, No. 9:07-cv-104, 2008 WL 2485426, at *1 (E.D. Tex. June 13, 2008) (ordering patentee to select 3 claims per patent for *Markman*); *Fenster Family Patent Holdings, Inc. v. Siemens Med. Solutions USA, Inc.*, No. Civ.A. 04-0038, 2005 WL 2304190, at *3 (D. Del. Sept. 20, 2005) (reducing 90 asserted claims from 8 unrelated patents to a total of 10 asserted claims, prior to *Markman*).

[5] Not surprisingly, SRA fails to cite a single case that would require Defendants to limit their invalidity contentions prior to service of such contentions, nor any cases that required defendants to limit their invalidity defenses prior to a plaintiff's limitation of number of claims. *See, e.g., Oracle America., Inc. v. Google Inc.*, No C 10-03561-WHA, D.I. 131, at 1-2 (N.D. Cal. May 3, 2011) (reducing number of references after claim construction and in light of a large number of prior art references disclosed in contentions); *Rambus Inc. v. Hynix Semiconductor Inc.,* Case No. C-05-00334 RMW, 2008 WL 4104116, at *6 (N.D. Cal. Aug. 27, 2008) (same).

reduce the number of asserted claims to 30 claims.

## Plaintiff's Position

SRA is willing to voluntarily reduce the claims it is asserting. Indeed, SRA is willing to voluntary limit its claims to the thirty claims requested by Defendants.[6] SRA wishes to do so, however, under a non-prejudicial timetable that is consistent with its due process rights. This is true regardless of whether the Court limits Defendants' invalidity contentions.[7] SRA asserts that it is not fair to look only to the Plaintiff to make the case more manageable, but rather that Defendants should also be required to limit their asserted prior art references and combinations.

**A. SRA Will Voluntarily Reduce Claims in a Manner Consistent with its Due Process Right to Assert Claims that Have Unique Issues of Infringement, Validity, and Damages**

The Federal Circuit in *In re Katz Interactive Call Processing Patent Litig.* recognized, in the context of limitations on asserted claims, a due process right in asserting claims that present "unique" issues with respect to infringement, validity and damages. 639 F.3d 1303, 1312–13 (Fed. Cir. 2011) (holding that if Katz had made a showing of uniqueness and if the "district court had refused to permit Katz to add those specified claims, that decision would be subject to review and reversal."). In view of this due process right, voluntary reductions of claims are considered more favorable than court ordered ones.[8]

---

[6] Defendants erroneously assert that SRA's counsel informed the Court that it would only assert 40 claims. SRA's counsel stated that it would likely assert 50 to 60 claims per defendant. At the time this statement was made, SRA was still preparing its contentions and had recently discovered a new public disclosure of an algorithm which implicated an additional 10 new claims (70 total). Defendants' counsel has likely confused SRA counsel's statements at the hearing with an offer to limit 40 claims that took place in another case in which the same counsel in this litigation participated.

[7] SRA's offer to <u>voluntarily</u> reduce claims to thirty in August 2013 after its technical review is not conditioned on the Court ordering limits to Defendants' invalidity contentions. SRA clarified this position to Defendants on February 11, 2013, and Defendants did not have a chance to respond before the filing of this motion. Defendants also retracted their demand that SRA limit itself to 10 claims per contention the same day.

[8] *See* Dkt. 195 at *2, *Accolade Systems LLC v. Citrix Systems, Inc.*, Case No. 07-CV-48, (E.D. Tex. May 11, 2009) ("While the Court always encourages parties to focus their cases to the most relevant claims and references, the Court does not usually impose a limit on the number of claims and references because parties naturally withdraw claims and references that are not viable for

Furthermore, the Federal Circuit in *Katz* also noted "that a claim selection order could come too early in the discovery process, denying the plaintiff the opportunity to determine whether particular claims might raise separate issues of infringement or invalidity in light of the defendants' accused products and proposed defenses." *Id*. at 1313 n.9. Other courts have also recognized the importance of not ordering claim selection too early in the process.[9]

Here, SRA asserts that it is premature to order claim selection. For the reasons set forth below, SRA has not been provided sufficient discovery as to the accused backend systems of Defendants to review issues of infringement and damages, thus it would be unfair to require SRA to limit claims at this time. Furthermore, Defendants have not provided their initial invalidity contentions to determine which claims present unique issues of validity.[10]

Nevertheless, SRA is eager to cooperate with the Court and Defendants to make this case manageable. Accordingly, as SRA informed Defendants during the meet and confer conference, SRA is willing to *voluntarily* reduce the number of asserted claims to 30 claims (as requested by Defendant) by August 16, 2013, which is the Court ordered deadline for SRA to serve updated infringement contentions and will provide SRA the necessary opportunity to complete sufficient technical discovery, as discussed below. Dkt. 39 at 1. Further, SRA anticipates that prior to trial (after a final claim construction ruling), it will voluntarily reduce the claims further.

**B. Defendant's Proposal is Highly Prejudical and Violates SRA's Due Process Rights**

Defendants' proposal to order SRA to limit itself to 30 claims prior to SRA having any

---

use at trial.").

[9] *See, e.g.*, Dkt. 121 at *3, *SPH America, LLC v. High Tech Computer Corp.*, No. 08-CV-2146 (S.D. Cal. Mar. 4, 2009) (declining to reduce the number of claims from 253 because "the risk of prejudice exists"); Dkt. 332 at *3, *Fractus S.A. v. Samsung Electronics, Co., Ltd.*, No. 6:09-CV-203, (E.D. Tex. Mar. 8, 2010) (rejecting limitation prior to end of claim construction where patentee asserted 148 claims because, in part, "[t]he risk of prejudice to Plaintiff is not adequately offset by increases in efficiency and manageability");

[10] Should the Court permit, SRA is prepared to submit a declaration from its validity expert that the asserted claims present substantially more than 30 claims with unique questions of validity based upon the art submitted previously in the Google litigation involving many of the same claims asserted in this litigation.

meaningful opportunity to conduct source code and other technical discovery and prior to the service of invalidity contentions is premature and fundamentally unfair. SRA contends that the proper time to reduce claims is August 16, 2013, the date in the scheduling order (Dkt. 39) that SRA has agreed to provide Defendants updated infringement contentions after SRA has had an opportunity to conduct technical discovery of Defendants' back end computer systems.

The claims of the patents-in-suit are being asserted against non-public, backend computerized systems. As a result, forcing SRA to drop claims now before it has an opportunity to review those systems forces SRA to blindly guess at which claims present unique infringement and validity issues and are the best claims to enforce in this litigation. Indeed, just a few short weeks ago, Defendants themselves acknowledged the necessity of reviewing the source code of these backend systems for a robust infringement analysis. At the Case Management Conference, Defendants strenuously argued that revised infringement contentions after technical discovery were necessary prior to beginning the claim construction process because, given the non-public nature of the accused systems, SRA's infringement contentions based upon public sources could not possibly give enough detail to provide meaningful notice as to SRA's claims. SRA concurred with Defendants that the claims were largely directed to non-public, computerized systems. Based upon the recognition that a source code review is necessary for a complete infringement analysis, the Court set a specific date for SRA to update its infringement contentions *after* technical discovery of the Defendant's systems and pushed back the claim construction process until after the date of the updated infringement contentions.

In patent cases in this district, it is routine for the defendant to provide initial invalidity contentions with respect to a high number of claims, even in cases where the claims are later reduced. *See, e.g.*, *SRA v. Google, et al.*, 5:08-cv-03172-RMW (N.D. Cal.) (Defendants provided invalidity contentions for 64 asserted claims, respectively, for the very same patents here); Dkt. 131 at 1–2, *Oracle America., Inc. v. Google Inc.*, No C 10-035461-WHA (N.D. Cal. May 3, 2011) (providing contentions for 132 claims and only requiring a reduction to 40 claims after a claim construction ruling); *Voter Verified, Inc. v. Premier Election Solutions, Inc.*, 698 F.3d 1374,

1381–82 (Fed. Cir. 2012) (nearly 100 claims at issue in dispute concerning invalidity contentions). Of course, informing SRA of Defendants' proposed defenses so that the SRA may make a meaningful claim election based on claims that present unique issues with respect to validity is a necessary part of SRA exercising its due process rights. *See Katz*, 639 F.3d at 1313 n.9 ("a claim selection order could come too early in the discovery process, denying the plaintiff the opportunity to determine whether particular claims *might raise separate issues* of infringement *or invalidity* in light of the defendants' accused products and *proposed defenses*.") (emphasis added).

In contrast to the highly prejudicial nature of Defendant's proposal, SRA's proposal that the Court allow SRA to *voluntarily* limit its asserted claims at the time the Court set for SRA to update its infringement contentions, August 16, 2013, after it has had an opportunity to conduct sufficient technical discovery, does not prejudice the Defendants. First, the Court has specifically pushed back the claim construction process until after August 16 to accommodate infringement contentions after a technical review, thereby insuring that SRA's proposed claim election date does not interfere with the claim construction process as suggested by the Defendants in this letter.

Defendants have more than adequate time to provide invalidity contentions for the 71 asserted claims, the highest number against a single Defendant. At the Case Management Conference, the Court extended the due date for invalidity contentions from February 04, 2013, to March 29, 2013, providing Defendants 99 days for invalidity contentions, which is more than double the 45 days normally allowed for providing invalidity contentions. *See* P.R. 3-3. Additionally, counsel for Defendants have in their possession extensive invalidity contentions from the previous case for 43 of the 74 asserted claims,[11] providing a substantial head start for this task in addition to the substantial extension granted by the Court for completing the task.

Finally, none of the cases cited in note 4 by the Defendants for early reduction of patent

---

[11] 74 cumulative unique claims over all defendants. 71 asserted against Facebook, 63 asserted against LinkedIn, and 50 asserted against Twitter.

claims required a reduction of claims before an opportunity to conduct technical discovery — as requested here by the Defendants. None of the cases required claim reductions before initial invalidity contentions were due. Nor did they involve patents so directed to non-public, back end computer systems that a second set of infringement contentions after a source code review was required before the parties could even begin the claim construction process — as is the case here. They simply do not address the due process issues present here with Defendants' request for a premature reduction of claims.[12]

### C. SRA's Proposal is Consistent with Due Process and Reasonable in View with the Past Decisions of this Court and Others

SRA has set forth a proposal to substantially reduce the number of asserted claims in this case under conditions that are fair to both parties. Defendants should be required to limit their invalidity defenses. Whereas claim reduction requires an analysis of backend computer systems, an invalidity analyses is one of analyzing publically available prior art and can be conducted at the court appointed time.

SRA's proposal to limit itself to 30 claims through claim construction and to limit Defendants invalidity contentions to four anticipatory and four obviousness combinations is in accord with other decisions from this district and from other courts. *Karl Storz Endoscopy-America, Inc. v. Stryker Corp.*, 2011 WL 1659867, at *1 (N.D. Cal. May 3, 2011) (Alsup, J.) (court allowed 47 claims through claim construction); Dkt. 131 at 1–2, *Oracle America., Inc. v. Google Inc.*, No C 10-035461-WHA (N. D. Cal. May 3, 2011) (Alsup, J.) (reducing asserted claims from 132 to 40 after claim construction); *Masimo Corp. v. Philips Electronics North America Corp.*, 2013 WL 258964, at *5 (D. Del. January 23, 2013) (ordering a reduction to 30

---

[12] In *Stamps.com*, the court ordered reduction of claims nearly a year and a half into the litigation. *Stamps.com*, 437 Fed. Appx. at 900. In *Hearing Components*, claims were limited 8 months after invalidity contentions were served. *Compare* June 13, 2008 filing date of *Hearing Components* order cited by Defendants with Dkt. 23 in same case, dated October 16, 2007, notifying court of defendant's compliance with disclosures pursuant to P.R. 3-3 and 3-4. In *Fenster*, plaintiff was ordered to reduce its claims five weeks before the close of discovery after it attempted to enlarge the case. *Fenster*, 2005 WL 2304190 at *3.

claims through claim construction).  Indeed, this very Court ordered defendants in the prior case involving these same patents to reduce their case to three prior art references and three obvious combinations.  Dkt. 208 at 3, *SRA v. Google, et al.*, 5:08-cv-03172-RMW.  Before that, this Court ordered a Defendant to limit is invalidity contentions to two references and three combinations. *Rambus Inc. v. Hynix Semiconductor Inc.,* 2008 WL 4104117 at *6 (N.D. Cal. 2008) (Judge Ron Whyte stating **"It is hard for the court to imagine a legitimate basis for asserting more than two allegedly anticipating references and two or three obviousness combinations per claim."**).

| | | |
|---|---|---|
| 1 | Dated:  February 11, 2013 | By:  /s/ *Heidi L. Keefe* |
| 2 | | HEIDI L. KEEFE (SBN 178960)<br>MARK R. WEINSTEIN (SBN 193043) |
| 3 | | COOLEY LLP<br>5 Palo Alto Square |
| 4 | | 3000 El Camino Real<br>Palo Alto, CA  94306-2155 |
| 5 | | Telephone:  (650) 843-5000<br>Facsimile:  (650) 849-7400 |
| 6 | | Attorneys for Defendant |
| 7 | | FACEBOOK, INC. |
| 8 | | |
| 9 | Dated:  February 11, 2013 | By: /s/ *Scott T. Weingaertner* |
| 10 | | DONALD F. ZIMMER, JR. (SBN 112279)<br>fzimmer@kslaw.com |
| 11 | | CHERYL A. SABNIS (SBN 224323)<br>csabnis@kslaw.com |
| 12 | | KING & SPALDING LLP<br>101 Second Street - Suite 2300 |
| 13 | | San Francisco, California  94105<br>Telephone: (415) 318-1200 |
| 14 | | Facsimile: (415) 318-1300 |
| 15 | | SCOTT T. WEINGAERTNER (*pro hac vice*) |
| 16 | | sweingaertner@kslaw.com<br>1185 Avenue of the Americas |
| 17 | | New York, NY 10036-4003<br>Telephone: (212) 556-2100 |
| 18 | | Facsimile: (212) 556-2222 |
| 19 | | Attorneys for Defendants<br>TWITTER, INC. AND LINKEDIN |
| 20 | | CORPORATION |
| 21 | | |
| 22 | Dated: February 11, 2013 | By: /s/ *W. Paul Schuck* |
| 23 | | W. Paul Schuck (SBN 203717)<br>**THOMAS WHITELAW LLP** |
| 24 | | Three Embarcadero Center, Suite 1350<br>San Francisco, CA  94111-4037 |
| 25 | | Telephone:  (415) 820-0400<br>Facsimile:  (415) 820-0405 |
| 26 | | |
| 27 | | Victor G. Hardy (*pro hac vice*)<br>Nicole E. Glauser (*pro hac vice*) |
| 28 | | Chester L. Shiu (*pro hac vice*)<br>DINOVO PRICE ELLWANGER & HARDY LLP |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

10.

DISCOVERY DISPUTE JOINT REPORT
5:12-03970 RMW

1  
2  
3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28  

7000 North Mopac Expressway, Suite 350  
Austin, Texas, 78731  
Telephone: (512) 539-2626  
Facsimile: (512) 539-2627  

Attorneys for Plaintiff  
SOFTWARE RIGHTS ARCHIVE, LLC  

COOLEY LLP  
ATTORNEYS AT LAW  
PALO ALTO

11.

**DISCOVERY DISPUTE JOINT REPORT**  
**5:12-03970 RMW**