1

2

3

4

5

6

7

8            UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11   SOFTWARE RIGHTS ARCHIVE, LLC, | Case No.  12-CV-3970 RMW |
| 12            Plaintiff, | **ORDER REGARDING DISCOVERY** |
| 13         v. | **DISPUTE JOINT REPORT # 1** |
| 14   FACEBOOK, INC., | **[Re: Docket No. 40]** |
| 15            Defendant, | |
| 16   SOFTWARE RIGHTS ARCHIVE, LLC, | Case No. 12-CV-3971-RMW |
| 17            Plaintiff, | |
| 18         v. | |
| 19   LINKEDIN CORPORATION, | |
| 20            Defendant, | |
| 21   SOFTWARE RIGHTS ARCHIVE, LLC, | Case No. 12-CV-3972-RMW |
| 22            Plaintiff, | |
| 23         v. | |
| 24   TWITTER, INC., | |
| 25            Defendant. | |

26

27

28

1   Defendants Facebook, Inc., LinkedIn Corporation, and Twitter, Inc. (collectively,

2   "defendants") seek an order requiring plaintiff Software Rights Archive, LLC ("SRA") to reduce

3   the total number of claims asserted in this action from 74[1] to 30 claims total in advance of the

4   March 29, 2013 deadline for service of invalidity contentions.  Defendants argue that requiring

5   SRA to reduce the claims as such "will promote judicial economy and efficiency and streamline

6   this case," while at the same time "giving SRA a sufficient number and diversity of claims to

7   pursue."  Disc. Dispute Joint Rep. 2-3 (Dkt. No. 40).  Defendants contend that limiting the

8   asserted claims at this stage does not violate SRA's Due Process rights because SRA is permitted

9   to "seek leave to add additional claims upon a showing that the additional claims present unique

10  issues."  *Id.* at 3 (citing *In re Katz Call Processing Litigation*, 639 F.3d 1303, 1312 (Fed. Cir.

11  2011).

12  SRA argues that requiring it to select 30 claims at this stage is premature and violates its

13  Due Process rights because, according to SRA, it "has not been provided sufficient discovery as

14  to the accused backend systems of [d]efendants to review issues of infringement and damages."

15  *Id.* 5.  SRI alleges that such an order would be akin to requiring SRA to "blindly guess at which

16  claims present unique infringement and validity issues."  *Id.* at 6.  SRA proposes that it is willing

17  to limit is claims to 30 by August 16, 2013, the court ordered deadline for SRA to serve updated

18  infringement contentions, which SRA alleges will allow for sufficient "technical discovery."  *Id.*

19  at 5-6.  SRI conditions this proposal on the court ordering defendants "to limit [their] invalidity

20  contentions to four anticipatory and four obviousness combinations."  *Id.* at 8.

21  The court is not persuaded that requiring SRI to limit its asserted claims to 30 at this stage

22  presents any Due Process issue.  The Case Management Scheduling Order provides SRI the

23  opportunity to amend its infringement contentions on August 16, 2013, upon a showing of good

24  cause.  Dkt. No. 39.  To the extent that RSI's technical discovery does give rise to additional

---

[1] In this number, defendants include claim 5 of the '571 Patent ("claim 4" appeared twice in RSI's
chart, but the second instance of "claim 4" quoted the language of claim 5); claim 28 of the '494
Patent (listed in the pleadings but not charted by SRA); and two claims against Facebook and one
against LinkedIn that are dependent on claims cancelled during reexam that were not rewritten in
independent form.

1  claims presenting unique questions of validity, RSI can amend its asserted claims at that time to

2  include those additional claims.  However, at this stage, the court believes judicial efficiency and

3  economy is best served by limiting the number of claims asserted before defendants spend time

4  and resources preparing invalidity contentions.

5         The court also notes that, to the extent many of the same claims were asserted in SRI's

6  litigation against Google, Inc. (SRI argues that defendants already "have in their possession

7  extensive invalidity contentions from the previous case for 43 of the 74 asserted claims," Disc.

8  Dispute Joint Rep. 7), the fact that the defendant in that case apparently did not seek to limit the

9  number of claims asserted should not prejudice defendants from doing so here.  Since SRI's

10 action against Google, many of the claims have emerged from reexamination with amendments or

11 altered scope.

12        Accordingly, the court ORDERS SRI to limit its asserted claims to 30 on or before March

13 8, 2013, which gives defendants sufficient time (three weeks) to prepare invalidity contentions

14 with respect to those 30 claims.

15        The court further ORDERS each defendant to limit its invalidity contentions to four

16 anticipatory references and four obviousness combinations, as the court sees no legitimate basis

17 for asserting more references in this case.

18

19        **IT IS SO ORDERED**

20

21 Dated:  February 15, 2013

22                                                    _Ronald M. Whyte_
                                                    Honorable Ronald M. Whyte
23                                                    United States District Judge

24

25

26

27

28