UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOFTWARE RIGHTS ARCHIVE, LLC,<br><br>    Plaintiff,<br><br>       v.<br><br>FACEBOOK, INC.,<br><br>    Defendant. | Case No.  C:12-03970 RMW<br><br>**ORDER REGARDING DISCOVERY DISPUTE JOINT REPORT # 2** |

By way of Discovery Dispute Joint Report # 2, Plaintiff Software Rights Archive, LLC ("SRA") seeks an order requiring defendant Facebook, Inc. ("Facebook") to supplement its response to its Interrogatory No. 1, subparts A, C, D and G to identify the location of specific features within Facebook's source code that SRA alleges it cannot locate in the source code standing alone.

Given the complex nature of the technological issues central to this discovery dispute—which depend in large part on (1) SRA's source code expert's ability to review Facebook's source code and (2) the capacity of Facebook's engineers to identify certain features in its source code—the court concludes that a neutral technical advisor would substantially aid the court in discovering the truth and resolving the dispute.  The court has the inherent authority to appoint a technical advisor in such circumstances.  *TechSearch, L.L.C. v. Intel Corp.*, 286 F.3d 1360, 1377-

78 (Fed. Cir. 2002) ("The trial court's inherent search for truth is the basic building block by which the judicial process maintains its credibility within the fabric of our society. In this search, it cannot be expected that trial judges will have expertise in biotechnology, microprocessor technology, organic chemistry, or other complex scientific disciplines. Therefore, in those limited cases where the scientific complexity of the technology is such that the district court may require the assistance of a technical advisor to aid in understanding the complex technology underlying the patent, it has the inherent authority to appoint such an advisor.").

The court proposes Dr. A. J. Nichols, *see* http://www.neutralexpert.com/biography.htm, to educate the court on the technology underlying this and possible future discovery disputes. In the event that either party finds Dr. Nichols unacceptable, the parties may confer to select an alternative technical advisor. If the parties find Dr. Nichols unacceptable and *cannot* agree on an alternative technical advisor, each side may submit no more than two proposed technical advisors to the court. The costs and expenses of the technical advisor will be shared equally by the parties unless otherwise ordered by the court.

Because the court wishes to keep discovery moving quickly, the court orders the parties to file a response to this order on or before August 7, 2013, indicating whether Dr. Nichols will be acceptable, and if not, indicating the parties' proposed alternative technical expert(s).

The court defers acting on Joint Discovery Dispute # 2 until such time as the court has expert assistance.

**IT IS SO ORDERED**

Dated: July 31, 2013

*Ronald M. Whyte*
Ronald M. Whyte
United States District Judge

ORDER RE: DISCOVERY DISPUTE JOINT REPORT #2
C12-03970 RMW             -2-
AG