UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOFTWARE RIGHTS ARCHIVE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> FACEBOOK, INC., <br><br> Defendant. | Case No.  C:12-03970 RMW <br><br> **ORDER REGARDING DISCOVERY DISPUTE JOINT REPORT # 2** <br><br> **[Re: Dkt. No. 60]** |

By way of Discovery Dispute Joint Report # 2, Plaintiff Software Rights Archive, LLC ("SRA") seeks an order requiring defendant Facebook, Inc. ("Facebook") to supplement its response to its Interrogatory No. 1 (subparts A, C, D and G) to identify the location of specific features within Facebook's source code that SRA alleges it cannot locate in the source code standing alone.

**I. SRA's Interrogatory and Facebook's Response**

SRA's Interrogatory No. 1, subparts A, C, D and G requests:

> For each version of a signal, feature, input, rank, algorithm or other factor[1] [hereinafter "feature"] considered in ranking and/or providing search results (including but not limited to recommendations) with respect to FACEBOOK'S SOFTWARE, please identify:

---

[1] *See* Part II. for a definition of "signal, feature, input, rank, algorithm or other factor."

ORDER RE: DISCOVERY DISPUTE JOINT REPORT #2
C12-03970 RMW
AG
-1-

      A. All names, versions, variables or other identifiers used to refer to the [feature] in the technical documents and the source code; …

      C. Whether the [feature] uses or analyzes link data;

      D. Each feature or subsystem in the accused system that uses the [feature;] …

      G. Pinpoint citations to the source code of where the system that (1) calculates or creates the [feature] is located and (2) the serving systems that use or consider the [feature].

Joint Rep. Ex. 1 at 5-6, 32.

      Facebook objected to Interrogatory No. 1 on the grounds that: (1) the defined term "FACEBOOK'S SOFTWARE" is vague, ambiguous and overly broad because it "purports to encompass virtually any services or products every [sic] provided by Facebook at any time"; (2) the Interrogatory "improperly seeks to shift the burden of identifying the accused products and/or service(s) to Facebook"; and (3) "the Interrogatory is compound and, counting each discrete subpart, constitutes a minimum of 91 Interrogatories, which is clearly harassing and overly burdensome." Joint Rep. Ex. 1 at 6-7. Subject to these objections, Facebook generally referred SRA to its source code pursuant to Federal Rule of Civil Procedure ("Rule") 33(d).

## II. JOINT DISCOVERY DISPUTE

### A. The Parties' Positions

      According to SRA, Interrogatory No. 1 is intended to "obtain basic information to allow SRA the means to decipher Facebook's source code," which consists of 160 million lines of code. Joint Rep. 1. SRA contends that it has dedicated over 1400 hours of time and "hundreds of thousands of dollars" to reviewing the source code. *Id.* SRA has allegedly reached out to Facebook to conduct an informal meeting to help SRA locate responsive information or address "any ambiguity in SRA's discovery requests," which Facebook declined. *Id.* SRA also argues that Facebook has refused to put up a 30(b)(6) witness, and has additionally withheld a key portion of the code, the "machine learned models," that are required to track the features used in the systems. *Id.* at 1, 11. SRA requests an order requiring Facebook to: (1) provide the names of the variables used to refer to each "feature," or numerical value **(subpart A)**; (2) identify whether that feature uses "link data" **(subpart C)**; (3) with respect to each feature, indicate which

ORDER RE: DISCOVERY DISPUTE JOINT REPORT #2
C12-03970 RMW
AG

-2-

1  system(s) use that particular feature **(subpart D)**; and (4) identify (by code citation) the location
2  of the code that *calculates* the features and the code that *uses* the features within the five serving
3  systems listed in the Joint Report **(subpart G)**.

4      Facebook maintains as a bottom line that "no answer at all should be required in response
5  to this highly objectionable interrogatory," and thus its referral to its source code under Rule 33
6  went above what was necessary. Facebook continues to maintain that the Interrogatory is grossly
7  overbroad, compound and impermissible. According to Facebook, SRA's current attempts to
8  "temporarily" narrow Interrogatory No. 1 for the purposes of this dispute are improper because
9  SRA should be required to withdraw this interrogatory completely. Facebook further contends
10 that a response to this interrogatory is improper because SRA's requests improperly places the
11 burden on Facebook to define the scope of SRA's infringement contentions by locating the
12 portions of code that "it thinks SRA thinks" are infringing. Facebook relies heavily on a recent
13 order in *Apple v. Samsung*, No. 12-0630, 2013 WL 1563253, at *1-2 (N.D. Cal. Apr. 12, 2013) to
14 support its position. With respect to allegedly withheld portions of source code, Facebook
15 maintains that if it locates those documents and determines that they are responsive, it will
16 provide those documents.

17     **III. ANALYSIS**

18     The court agrees with Facebook that SRA's current Interrogatory No. 1 is grossly vague
19 and overbroad. In subpart A, SRA essentially asks for any possible "feature, input, rank,
20 algorithm or other factor" in the *entire source code and technical documentation* that is
21 "considered in ranking and/or providing search results." Within a source code that presumably
22 contains a vast number of features, this request is simply too ambiguous to ascertain the particular
23 features that SRA is interested in. Moreover, the question would require Facebook to select only
24 those features it *thinks* SRA is interested in, and to some extent force Facebook to define the
25 scope of SRA's infringement contentions. *See Apple v. Samsung*, 2013 WL 1563253, at *1-2.
26 Subpart C to the Interrogatory, which asks Facebook to identify the features that use link data,
27 poses the same problem because it improperly requires Facebook—as opposed to SRA—to select
28

ORDER RE: DISCOVERY DISPUTE JOINT REPORT #2
C12-03970 RMW     -3-
AG

the features of interest that could potentially form the basis for SRA's infringement contentions. *See id.*

In addition, the court finds that each subpart (A) through (G) of Interrogatory 1 is a "discreet" subpart constituting a separate interrogatory. *See* Fed. R. Civ. P. 33(a); *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 444-45 (C.D. Cal. 1998) (explaining guiding principles for determining whether a subpart is or is not "discreet" under Rule 33(a)).

For these reasons, the court sustains Facebook's objections to SRA's interrogatory. However, the court does so without prejudice to the resubmission by SRA of more narrowly tailored interrogatories, for example, requesting Facebook to identify the location in its source code where the calculations or decisions are made with respect to the results that are returned or displayed for the five features, or "serving systems," of interest identified in the Joint Report. *See* Joint Rep. 3 (People You May Know, Advertising and Sponsored Links, Search; News Feed; and Timeline). If Facebook has further objections to any of SRA's amended interrogatories, the court expects Facebook to work with SRA in a collaborative matter to resolve disputes about the nature and scope of the interrogatory and to work out a manner of response acceptable to both parties. *See* Federal Procedure, Lawyers Ed. § 26:574 ("If the party raising objections has stated its reasons with the requisite specificity and if the interrogating party has carefully considered these specific reasons, the parties should be able to adjust the dispute without the court's involvement.").

If an interrogatory response necessitates the use of Facebook's proprietary software, Facebook may make this software temporarily available to an appropriate representative or expert of SRA to perform the required search at SRA's expense. If Facebook performs any required search itself, however, Facebook must do so at its own expense, unless the parties deem the costs to be significant, in which case the parties must work out an acceptable payment from SRA or present their proposals regarding payment to the court.

The court understands from Facebook's briefing that it will make a 30(b)(6) witness available in accordance with the Federal Rules and Local Rules, and will produce the allegedly missing "machine learned models" if they are responsive and not privileged.

**IT IS SO ORDERED**

Dated: August 13, 2013

_____
Ronald M. Whyte
United States District Judge