UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SOFTWARE RIGHTS ARCHIVE, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>FACEBOOK, INC.,<br><br>    Defendant. | Case No. 5:12-cv-03970-RMW-PSG<br>Case No. 5:12-cv-03971-RMW-PSG<br>Case No. 5:12-cv-03972-RMW-PSG<br><br>**ORDER GRANTING-IN-PART SRA'S MOTION TO CLARIFY OR MODIFY PROTECTIVE ORDER**<br><br>**(Re: Docket No. 86, 5:12-cv-03970)**<br>**(Re: Docket No. 61, 5:12-cv-03971)**<br>**(Re: Docket No. 54, 5:12-cv-03972)** |
| SOFTWARE RIGHTS ARCHIVE, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>LINKEDIN CORPORATION,<br><br>    Defendant. | |
| SOFTWARE RIGHTS ARCHIVE, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>TWITTER, INC.,<br><br>    Defendant. | |

1
Case Nos.: 5:12-cv-03970, -03971, -03972-RMW-PSG
ORDER GRANTING-IN-PART SRA'S MOTION TO CLARIFY OR MODIFY PROTECTIVE ORDER

Before the court is Plaintiff Software Rights Archive, LLC's motion to clarify or modify the protective order in this case so that SRA's litigation counsel may participate in the ongoing inter partes review ("IPR") proceedings initiated by Defendants Facebook, Inc., LinkedIn Corporation, and Twitter, Inc. Defendants oppose SRA's motion. The parties appeared for a hearing last week. After considering their respective arguments, the court GRANTS-IN-PARTS SRA's motion.

## I. BACKGROUND

SRA filed three suits in July 2012 accusing Defendants of infringing three U.S. patents.[1] Each of these patents has expired. On July 30, 2013 Defendants filed four IPR petitions with the United States Patent and Trademark Office. Defendants successfully moved this court to stay the case while the IPR proceeded, in part, to streamline invalidity arguments.[2]

## II. LEGAL STANDARDS

Fed. R. Civ. P. 26(c)(1) places the burden of seeking any protective order on the party from whom discovery is sought, a tenet the Ninth Circuit underscored when it held that a party "from whom discovery is sought bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted."[3] Nevertheless, this district is authorized under Fed. R. Civ. P. 83 to establish a presumption of a so-called "prosecution bar" that extends to reexamination or review proceedings, an authority exercised by the combination of Section 6 of the district's model protective order and

---

[1] The patents in suit are: U.S. Patent No. 5,544,352; U.S. Patent No. 5,832,494; and U.S. Patent No. 6,233, 571. *See* Docket No. 1 in Case No.: 5:12-cv-03970-RMW-PSG. Unless otherwise indicated all citations to the docket in this case will refer to Case No.: 5:12-cv-03970-RMW-PSG.

[2] *See* Docket No. 65 (motion to stay pending IPR); Docket No. 82 (order staying case).

[3] *See Foltz v. State Farm Mut. Auto Ins. Co.,* 331 F.3d 1122, 1130 (9th Cir. 2003).

2
Case Nos.: 5:12-cv-03970, -03971, -03972-RMW-PSG
ORDER GRANTING-IN-PART SRA'S MOTION TO CLARIFY OR MODIFY PROTECTIVE ORDER

Patent L.R. 2-2.[4]  Under such circumstances, the burden is appropriately shifted to the patentee to establish that an exemption from the bar is appropriate.[5]  In particular, once "a patent prosecution bar is imposed" the "burden is reversed and the party seeking an exemption from a patent prosecution bar must show on a counsel-by-counsel basis: '(1) that counsel's representation of the client in matters before the PTO does not and is not likely to implicate competitive decisionmaking related to the subject matter of the litigation so as to give rise to a risk of inadvertent use of confidential information learned in litigation, and (2) that the potential injury to the moving party from restrictions imposed on its choice of litigation and prosecution counsel outweighs the potential injury to the opposing party caused by such inadvertent use.'"[6]

Any prosecution bar should serve only to mitigate the risk of inadvertent use of proprietary information by a patentee, not to unduly burden a patentee with additional expense.  While other courts have rejected any application of the prosecution bar to reexamination or review proceedings because neither permits the broadening of patent claims,[7] this court has recognized that claims may still be restructured in these proceedings in a way that would undoubtedly benefit from access to an

---

[4] *See* http://www.cand.uscourts.gov/stipprotectorder.

[5] *Cf. Kelora Sys., LLC v. Target Corp.*, Case No. 4:11-01548 CW (LB), 2011 WL 6000759, at *7 (N.D. Cal. Aug. 29, 2011) (holding "the model protective order as setting forth presumptively reasonable conditions regarding the treatment of highly confidential information").

[6] *EPL Holdings, LLC v. Apple Inc.*, Case No.: 3:12-cv-04306-JST-JSC, 2013 WL 2181584, at *2 (N.D. Cal. May 20, 2013) (*quoting In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373, 1381 (Fed. Cir. 2010)).

[7] *See, e.g., Pall Corp. v. Entegris, Inc.*, 655 F. Supp. 2d 169, 173 (E.D.N.Y. 2008) (noting that "unlike prosecution of an initial patent application, the Patent Act expressly curtails the scope of reexamination, prohibiting any claim amendment that would enlarge the scope of the initial patent"); *see also Mirror Worlds, LLC v. Apple, Inc.*, Case No. 08-88, 2009 WL 2461808, at *2 (E.D. Tex. Aug. 11, 2009) (noting that claims "can only be narrowed during reexamination; they cannot be broadened" and therefore concluding that "the risk of harm" to the defendant to be "greatly limited"); *Document Generation Corp. v. Allscripts*, Case No. 08-479, 2009 WL 1766096, at *2 (E.D. Tex. June 23, 2009) (stating that because "the reexamination process prohibits claim amendments that would enlarge the scope of the initial patent, Defendants' fears of expanded claim scope are largely misplaced").

alleged infringer's proprietary information.[8]  With these standards in mind, the court turns to the dispute at hand.

## III. DISCUSSION

### A.   The Model Protective Order's Applies to IPR Proceedings of Expired Patents

SRA first argues that because the plain language of the model order's prosecution bar applicable in this litigation does not expressly include IPR proceedings it, in fact, does not cover IPR proceedings.  While SRA concedes that as in traditional prosecution "IPR of unexpired patents may also involve claim drafting or amendment,"[9] activities that are expressly barred, SRA points out that the IPR of expired patents statutorily cannot involve claim drafting or amending.[10]  SRA also points out that IPR proceedings are designed to resemble litigation; discovery,[11] direct and cross-examination of witnesses,[12] and motion practice all are available.[13]  SRA notes that its litigation counsel would perform many of the same tasks in either setting, including preparing declarations, taking and defending depositions, and reviewing documents.

Defendants counter that the prosecution bar in the model protective order covers any patent prosecution before the PTO including "directly or indirectly drafting, amending, advising, or

---

[8] *See Grobler v. Apple Inc.*, Case No.: 3:12-cv-01534-JST-PSG, 2013 WL 3359274, at *2 (N.D. Cal. May 7, 2013); *John v. Lattice Semiconductor Corp.*, Case No.: 5:12-cv-04384-PSG, at (N.D. Cal. May 7, 2013).

[9] Docket No. 86 at 12.

[10] *See id.* at 7 (citing 37 C.F.R. § 1.530(j) ("No enlargement of claim scope.  No amendment may enlarge the scope of the claims of the patent or introduce new matter.  No amendment may be proposed for entry in an expired patent.  Moreover, no amendment, other than the cancellation of claims, will be incorporated into the patent by a certificate issued after the expiration of the patent.").

[11] *See* 37 C.F. R. § 42.51.

[12] *See* 37 C.F.R. § 42.53.

[13] *See* 37 C.F. R. § 42.20-25.

4
Case Nos.: 5:12-cv-03970, -03971, -03972-RMW-PSG
ORDER GRANTING-IN-PART SRA'S MOTION TO CLARIFY OR MODIFY PROTECTIVE ORDER

otherwise affecting the scope or maintenance of patent claims."[14]  Defendants urge that representing "the patent owner in attempting to maintain patent claims in an IPR proceeding falls squarely within" the model order's understanding of prosecution.  In addition, Defendants note that case law cited by SRA confirms that the model order's prosecution bar covers IPR proceedings.[15]  Defendants also contend the adversarial posture of IPR proceedings is irrelevant – prosecution under the model order is still prosecution.

Even though the case before the court is distinguishable from the situation Judge Illston faced in *Ariosa* – the patent term has expired[16] – the result is the same.  Quite clearly, IPR proceedings carry the potential to modify – directly or indirectly – the scope or maintenance of patent claims.  Conduct "taken in, or support of, the pending IPR proceedings could affect the scope or maintenance of the claims" in SRA's patent.[17]  At the extreme, challenged patent claims could be fully invalidated based on the prior art.  Even though SRA's litigation counsel may not use confidential information to expand the scope of the claims, it could use such information to prophylactically cede claim scope through limiting arguments.  Especially in light of SRA's concession at the hearing that IPR constitutes prosecution, the court confirms that the model order's prosecution bar covers IPR proceedings.

---

[14] Docket No. 87-1, Ex. 1. at 12.

[15] *See Ariosa Diagnostics, Inc. v. Sequenom, Inc.*, Case No.: 3:11-cv-06391-SI, at 2 (N.D. Cal. June 11, 2013) (finding "that the patent prosecution bar imposed in these cases covers 'prosecution' in the newly available Inter Partes Review (IRP) proceedings before the Patent Trial and Appeals Board (PTAB). 'Prosecution,' as defined in the patent prosecution bar, is broad and includes any conduct that could 'directly or indirectly' affect the scope or maintenance of patent claims in proceedings before the Patent and Trademark Office.").

[16] By law, the scope of patent claims may not be expanded.  *See supra* note 10.

[17] *Ariosa Diagnostics, Inc. v. Sequenom, Inc.*, Case No.: 3:11-cv-06391-SI, at 2 (N.D. Cal. June 11, 2013).

### B. The Model Order Should Be Modified in this Case

With the issue of whether the prosecution bar lodged within the model order extends to IPR proceedings resolved, the court turns to the next question at hand: should the model order nevertheless be modified to permit SRA's litigation counsel a limited role in the proceedings? On this issue, the Federal Circuit's guidance in *Deutsche Bank* is controlling. First, the court considers whether competitive decisionmaking is sufficiently implicated giving rise to an unacceptable risk of inadvertent use of confidential information learned in litigation. Second, the court balances the hardships faced by each party.[18]

In *Deutsche Bank* the court identified a spectrum of circumstances that a litigation attorney and therefore the court might confront in considering whether a prosecution bar should bar an attorney from participating in prosecution before the PTO.[19] In each circumstance, however, the key issue is the risk that confidential information might influence competitive decisionmaking is key. Here, the threat that competitive decisionmaking would be implicated is clearly much reduced because SRA's litigation attorneys cannot modify the claim language given that the patents have already expired.[20] As the court previously acknowledged, Defendants are right that claim scope could still be affected by the record created by counsel's arguments. But as a practical matter that is a risk they bear just as much in the proceedings in this court and yet, however persuasive arguments may be in district court litigation, not even Defendants would suggest barring litigation counsel from making the same arguments here.

---

[18] *See supra* note 6.

[19] *Deutsche Bank*, 605 F.3d at 1379 (finding that because "patent prosecution is not a one-dimensional endeavor and can encompass a range of activities," sweeping generalizations about the breadth of a prosecution bar are unwarranted and case-by-case analyses are preferred).

[20] *See supra* note 10.

This court has previously noted that "if the PTO and district court are just two fronts in the same battle, allowing a limited role for a patentee's litigation counsel while prohibiting counsel from crafting or amending claims is only reasonable."[21]  It must be noted that it was not SRA that initiated the IPR proceedings – Defendants affirmatively sought out the alternative venue. Chief Judge Davis has articulated the perverse incentives implicated by a policy that would enable litigants to box-out a party's chosen counsel: "While it is within a defendant's right to seek reexamination, the Court has serious concerns about a policy that would encourage defendants to file for reexamination while excluding plaintiff's counsel from participating in the reexamination, thereby forcing a plaintiff to defend a patent in two separate venues with two teams of attorneys."[22]  This court shares those concerns, at least where there is no risk of claim amendment.

In sum, the equities favor amending the operative protective order to permit SRA's litigation counsel to participate in the IPR.

**IT IS SO ORDERED.**

Dated: January 13, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[21] *Grobler v. Apple Inc.*, Case No.: 3:12-cv-01534-JST-PSG, 2013 WL 3359274, at *2 (N.D. Cal. May 7, 2013).

[22] *Mirror Worlds, LLC v. Apple, Inc.*, Case No.: 6:08-cv-88, 2009 WL 2461808, at *2 (E.D. Tex. Aug. 11, 2009).