UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SOFTWARE RIGHTS ARCHIVE, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>FACEBOOK, INC.,<br><br>    Defendant. | Case No. C-12-3970-RMW<br><br>**ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>**[Re: Docket No. 98]** |

Defendant Facebook, Inc. moves for relief from the magistrate's order modifying the model protective order to allow Plaintiff Software Rights Archive, LLC's ("SRA") litigation counsel to participate in the ongoing *inter partes* review ("IPR") proceedings. Facebook's motion is denied. Even though SRA's litigation counsel has extensive knowledge of Facebook's source code, the patents-in-suit have already expired, so the claim language cannot be amended in the IPR. Dkt. No. 97 at 6. The magistrate acknowledged that "Defendants are right that claim scope could still be affected by the record created by counsel's arguments." *Id*. However, the magistrate found that "as a practical matter that is a risk they bear just as much in the proceedings in this court and yet, however persuasive arguments may be in district court litigation, not even Defendants would suggest barring litigation counsel from making the same arguments here." *Id*.

Facebook contends that the fact that a patentee's arguments before the PTO become part of the intrinsic record distinguishes the effect of a patentee's PTO arguments from the effect of a patentee's arguments in litigation. But this concern is largely academic, such that it cannot outweigh the balance of the hardships in this case. There is a high bar for a patentee's statement in prosecution to alter claim scope: a patentee must make a "clear and unmistakable disavowal of scope during prosecution." *Grober v. Mako Products, Inc.*, 686 F.3d 1335, 1341 (Fed. Cir. 2012), reh'g denied (Sept. 14, 2012). This doctrine applies to reexamination proceedings, in which "ongoing negotiations between the inventor and the PTO" may "produce[] ambiguities," which counsels against finding prosecution disclaimer. *Id*. Moreover, patentees face several other factors in IPR proceedings—such as the examiner's concerns, the prior art, and other potentially infringing products—that constrain their ability to insert statements solely for the purpose of affecting claim scope in a specific litigation.

The magistrate also expressed concern over the perverse incentives that would allow Facebook to initiate the IPR and then exclude SRA's counsel from participating in the parallel proceedings. *Id*. at 7. These findings are certainly not "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). Accordingly, Facebook's motion for relief from the magistrate's order is DENIED.

Dated: February 4, 2014

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

ORDER
Case No. C-12-3970-RMW
RDS
- 2 -