UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOFTWARE RIGHTS ARCHIVE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>FACEBOOK, INC.,<br><br>Defendants. | Case No. 12-cv-03970-HSG<br><br>**ORDER LIFTING STAY** |
| SOFTWARE RIGHTS ARCHIVES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>TWITTER, INC.,<br><br>Defendant. | Case No. 12-cv-03972-HSG |

Plaintiff Software Rights Archive, LLC ("SRA") filed infringement actions against Defendant Facebook, Inc. ("Facebook") and Twitter, Inc. ("Twitter") on July 27, 2012.[1] Dkt. No. 1 (Facebook)[2]; Case No. 4:12-cv-3972, Dkt. No. 1 (Twitter). The cases have been stayed since September 17, 2013, pending the completion of proceedings before the United States Patent and Trademark Office ("PTO"), or further order of the Court. Dkt. No. 82. On March 13, 2019, the parties submitted a joint status report, requesting that the Court continue to maintain the stay. Dkt. No. 149. The Court held a case management conference on April 30, 2019 to discuss whether continuing the stay was warranted. Dkt. No. 156. After hearing arguments from both parties, the

---

[1] A third related case against LinkedIn was terminated after entry of a stipulated dismissal on March 15, 2017. *See Software Rights Archives LLC v. Linkedin Corp.*, Case No. 4:12-cv-03971-HSG, Dkt. No. 98.

[2] Unless otherwise indicated, all docket citations refer to the docket in Case No. 4:12-cv-3970.

Court lifted the stay on the record. *Id.* The Court now issues this short order explaining its reasoning for the record.

## I. BACKGROUND

SRA owns U.S. Patents Nos. 5,544,352 ("'352 Patent"), 5,832,484 ("'494 Patent"), and 6,233,571 ("'571 Patent"), all titled "Method and Apparatus for Indexing, Searching and Displaying Data." Dkt. No. 1 ¶¶ 9–11. SRA alleges that Defendants use, offer for sale, and sell services that are covered by the claims in the patents-in-suit. Dkt. No. 1 ¶¶ 12–20; Case No. 4:12-cv-3972, Dkt. No. 1 ¶¶ 12–20.

On August 9, 2013, Defendants moved to stay the case pending *inter partes* review ("IPR") by the Patent Trial and Appeal Board ("the PTAB"). Dkt. No. 65. Defendants filed petitions for IPR challenging the validity of all the asserted claims. *Id.* The Court granted the stay on September 17, 2013. Dkt. No. 72. On February 3, 2014, the PTAB instituted IPR proceedings for all asserted claims of the patents-in-suit, except for claims 26, 28, and 31 of the '571 Patent. Dkt. No. 104. The PTAB issued its final written decisions between January 29, 2015 and February 2, 2015. Dkt. No. 107. Both parties appealed to the Federal Circuit. Dkt. No. 110.

Throughout 2016, the Federal Circuit issued orders affirming and reversing the PTAB's rulings on certain claims. Dkt. No. 117. Specifically, the Federal Circuit affirmed the PTAB's determination finding unpatentable challenged claims 26, 28–30, 32, 34, and 39 of the '352 Patent; claims 18–20, 45, 48, 49, 51, and 54 of the '494 Patent; and claims 12 and 22 of the '571 Patent. *Id.*, Exs. A–B. The Federal Circuit reversed the PTAB's findings that claims 1, 5, 15 and 16 of the '494 Patent and claim 21 of the '571 Patent are patentable over the prior art. *Id.*, Ex. B.[3] The Federal Circuit did not review the PTAB's decision not to institute proceedings on claims 26, 28, and 31 of the '571 Patent. *See id.*

On October 12, 2016, SRA filed a combined petition for rehearing, which the Federal Circuit denied. *Id.*, Ex. C. SRA then informed the PTAB that it believed there were still

---

[3] During the IPR proceedings, the PTAB initially found claims 8, 10, 11, 14, 35, and 40 of '494 Patent unpatentable. Dkt. No. 104, Ex. C. In its final written decision, it held that claim 14 was still unpatentable, but claims 1, 5, 15, and 16 were not found unpatentable. Dkt. No. 107, Ex. C. It also granted SRA's motion to amend to cancel claims 8, 10, 11, 35, and 40. *Id.*

remaining issues for the PTO to adjudicate. *Id.*, Ex. D. The PTAB, on December 2, 2016, said it would issue "any necessary orders in due course," and that no further briefing or conference calls were necessary at that time. *Id.* No activity occurred until October 19, 2017, when the PTAB indicated it would take no further action. Dkt. No. 143.

SRA then filed requests for rehearing regarding the PTAB's October 19, 2017 decision, which the PTAB denied. *Id.*, Ex. A. On February 20, 2018, Plaintiff filed a petition for writ of mandamus to the Federal Circuit, requesting that the Federal Circuit reverse the PTAB's order denying the requests for rehearing. *Id.* The Federal Circuit denied the petition on February 27, 2018. *Id.*, Ex. C. SRA petitioned to the Director of the PTO on May 30, 2018, requesting that the Director instruct the PTAB to issue a final written decision with respect to claims 26, 28, and 31 of the '571 Patent, on which the PTAB earlier declined to institute IPR proceedings. Dkt. No. 149.

The parties' latest position is that per the PTO website, an IPR certificate was issued for the '571 patent on June 6, 2018, but the parties state they still have not received the certificate. Dkt. No. 145. Further, SRA's latest petition was dismissed on March 7, 2019, although the parties aver they have not received a copy of that decision either. Dkt. No. 149. At the hearing, SRA represented that it intended to file a complaint against the PTO based on its alleged mishandling of SRA's petition, and therefore requested to continue the stay for approximately six more months. Defendants seek to lift the stay.

**II. DISCUSSION**

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). "District courts have broad discretion to manage their dockets, including the power to grant a stay of proceedings." *Procter & Gamble Co. v. Kraft Foods Glob., Inc.*, 549 F.3d 842, 848–49 (Fed. Cir. 2008). Courts generally consider three factors when determining whether to grant a stay pending IPR: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to

3

the non-moving party." *Evolutionary Intelligence, LLC v. Facebook, Inc.*, No. 13-cv-04202-SI, 2014 WL 261837, at *1 (N.D. Cal. Jan. 23, 2014).

Given the age of this case, continuing the stay is unjustified. This case has been pending for almost seven years, and the Federal Circuit and the PTO have already made their final determinations to the majority of the asserted claims in this action. Congress's intent in creating the PTO, "an executive agency with specific authority and expertise in the patent law," was to "provid[e] a more efficient system for challenging patents that should not have issued, and to establish a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs." *MCM Portfolio LLC v. Hewlett-Packard Co.*, 812 F.3d 1284, 1290–91 (Fed. Cir. 2015) (quotations and citations omitted and brackets in original). The purpose was not to allow parties to perpetually delay litigation until they could achieve outcomes deemed favorable to them, as seems to be the case here. The public has an interest in the timely resolution of federal litigation, and that interest is no longer being served by further delaying this case.

Defendants posit that only three of the asserted claims have survived IPR. SRA disputes this, although upon the Court's review, it does appear that only claims 26, 28, and 31 of the '571 Patent are left at issue. Regardless of how many claims are left, SRA has already exhausted all administrative proceedings for the IPRs that were instituted more than five years ago. Based upon the results of the stay thus far, the Court is not persuaded that a continued stay is likely to simplify the issues in the case in a timely manner. The Court therefore **LIFTS THE STAY**.

**IT IS SO ORDERED.**

Dated: 5/10/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge